UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CHARLES BELK,

       Petitioner,

  -v-                                      No. 01-CR-180-LTS
                                                      16-CV-4508-LTS

UNITED STATES OF AMERICA,

       Respondents.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

Petitioner Charles Belk ("Petitioner" or "Belk"), was convicted in 2002, following a jury trial, of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced principally to a term of 235 months of imprisonment, pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). Following an unsuccessful appeal and the denial of a petition pursuant to 28 U.S.C. § 2255 ("Section 2255"), Petitioner now moves, again pursuant to Section 2255, to vacate, set aside or correct his sentence. Petitioner invokes the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) ("2015 Johnson"), which invalidated the so-called "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B), and the Supreme Court's decision in Johnson v. United States, 559 U.S. 133, 140 (2010) ("2010 Johnson"), which clarified the definition of the phrase "physical force" as used in the ACCA.

The Court has reviewed thoroughly the parties' submissions in connection with Petitioner's Section 2255 motion (the "Petition"). For the following reasons, the Court finds that

the Petitioner has satisfied the procedural requirements for a second or successive Section 2255 motion, and denies the Petition.

BACKGROUND

On March 2, 2001, Petitioner was charged in the one-count Indictment captioned 01-CR-180 (the "Indictment") with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (The Indictment, Docket Entry No. 7.) The maximum custodial sentence for a violation of 18 U.S.C. § 922(g) is normally 10 years. 18 U.S.C. § 924(a)(2). However, when the defendant has three prior convictions for a "violent felony" or a "serious offense," a 15-year mandatory minimum sentence is required by the ACCA, 18 U.S.C. § 924(e) ("Section 924(e)").[1] A corresponding provision of the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") provides for an enhanced custodial penalty for a defendant who is subject to the ACCA. See U.S.S.G. § 4B.1.4.

The Indictment, which cited Section 924(e), charged that the Petitioner "had three previous convictions for violent felonies, all of which were committed on occasions different from one another," namely: "(i) a conviction on June 10, 1981 for robbery in the first degree in the Supreme Court of the State of New York, Kings County; (ii) a second conviction on June 10, 1981 for robbery in the first degree in . . . Kings County; and (iii) a third conviction on June 10, 1981 for robbery in the first degree in . . . Kings County," prior to the gun possession offense. (Indictment ¶ 1.) Each of those previous convictions was under an unspecified subsection of New York Penal Law § 160.15; the three cases were consolidated for sentencing, and "[o]n June

---

[1] The statute provides in relevant part that: "In the case of a person who violates [18 U.S.C. § 922(g)] and has three previous convictions by any court referred to in [18 U.S.C. § 922(g)(1)] for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years." 18 U.S.C.S. § 924(e) (LexisNexis 2011).

10, 1981, the Petitioner was sentenced to three concurrent terms of 2 to 6 years' imprisonment." (Petition, at 3-4 (citing PSR ¶¶ 22, 24, and 26).) In March 2002, following a jury trial, the Petitioner was found to have violated 18 U.S.C. § 922(g)(1).

The Pre-Sentence Investigation Report ("PSR") prepared in advance of Belk's sentencing concluded, and the Court concurred, that, due to the three aforementioned first-degree robbery convictions, Belk was an armed career criminal, and thus subject to the provisions of the ACCA, requiring that he be "imprisoned not less than fifteen years." The PSR did not indicate the precise subsection or clause of the ACCA under which the Petitioner's prior convictions qualified as "violent felonies." Id. at 4; see also 18 U.S.C. §§ 924(e)(1), (2)(B). Under the corresponding provisions of the Guidelines, Petitioner's applicable sentencing range was 235-293 months of imprisonment. (Id. (citing PSR, ¶ 80, at 20).)

On October 18, 2002, this Court sentenced the Petitioner principally to 235 months' imprisonment, which was the bottom of the then-mandatory sentencing range. Id. at 5. At sentencing, the Court noted that "'[t]here is no dispute that each of the prior convictions cited in the indictment was a violent felony within the meaning of Section 924(e).'" (Id. at 6 (quoting Transcript of October 18, 2002, Sentencing, at 30).)

Following the imposition of the sentence, the Petitioner appealed to the Second Circuit. The court affirmed Petitioner's conviction and sentence. See United States v. Belk, 346 F.3d 305 (2d Cir. 2003). In 2005, the Petitioner filed a pro se Section 2255 petition in which he raised three arguments: "(1) he [was] 'innocent' of the three juvenile convictions which placed him within the [ACCA] because his guilty pleas upon which those prior convictions were based were neither knowing nor voluntary; (2) he was denied effective assistance of counsel in violation of his rights under the Sixth Amendment to the Constitution of the United States by

reason of his counsel's failure to investigate and argue grounds for attacking the earlier convictions as based upon defective plea allocution procedures; and (3) that the jury and not the Court should have determined whether Belk had three prior felonies under the ACCA." Belk v. United States, No. 01-cr-180 (LTS), 2006 WL 963880, at *2 (S.D.N.Y. Apr. 13, 2006). On April 13, 2006, the Court rejected each of these arguments, dismissed the Section 2255 motion, and denied a certificate of appealability. Id. at *5. On October 13, 2006, the Second Circuit also denied Belk a certificate of appealability. Belk v. United States, No. 06-2883-pr (2d Cir. Oct. 13, 2006).

In the years following Petitioner's 2005 and 2006 proceedings, the Supreme Court examined two clauses of the predicate violent felony provision of the ACCA in two separate decisions, each of which involved a different defendant named Johnson. In 2010 Johnson, the Supreme Court held that, for purposes of the ACCA, "in the context of [the] statutory definition of 'violent felony,' the phrase 'physical force' [as used in the Force Clause of 18 U.S.C. § 924(e)] means *violent* force—that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140 (emphasis in original). In 2015 Johnson, the Supreme Court examined the so-called "residual clause" of the ACCA, which provides that a violent felony includes any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B), and held that the clause is impermissibly vague, concluding that its application would violate the Due Process Clause of the Constitution. 135 S. Ct. at 2563. In light of the 2015 Johnson decision, the ACCA's enhanced penalty provisions can only be invoked in connection with a predicate crime that "has as an element the use, or attempted use, or threatened use of physical force against the person of another," (the "Force Clause") and to certain enumerated offenses that are not at issue here. Id. In Welch v. United States, 136 S. Ct.

1257, 1268 (2016), the Supreme Court held that 2015 Johnson "is retroactive in cases on collateral review" because it announced a new substantive, rather than procedural, rule.

On March 14, 2016, Petitioner filed a motion for leave to file a second or successive Section 2255 motion in the Court of Appeals, in light of the Supreme Court's decision in 2015 Johnson and, on April 19, 2016, the Second Circuit denied that motion, finding that Petitioner had not satisfied the criteria set forth in 28 U.S.C. § 2255(h).  Belk v. United States, Docket No. 16-765-pr, 2016 WL 1587223 (2d Cir. Apr. 19, 2016).  On April 22, 2016, Petitioner filed a motion to reconsider the denial of that motion, which the Second Circuit denied that same day.  Notice of Returned Papers, Belk v. United States, Docket No. 16-765 (2d. Cir. Apr. 22, 2016).  On June 9, 2016, Petitioner filed a second motion for leave to file a second or successive Section 2255 petition, which a different Second Circuit panel granted on August 5, 2016.  Order, Belk v. United States, No. 16-1824 (2d Cir. Aug. 5, 2016).  Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 on September 23, 2016.

## DISCUSSION

A petitioner may prevail on a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence if he can show that his sentence: (1) was imposed in violation of the Constitution or the laws of the United States; (2) was entered by a court without jurisdiction to impose the sentence; (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack.  The grounds for relief under Section 2255 are limited, out of "respect for the finality of criminal sentences, the efficient allocation of judicial resources, and an aversion to retrying issues years after the underlying events took place."  United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks and citation omitted).  If the Court concludes that the sentence imposed was "not authorized by law," the Court "shall vacate and set

the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate" pursuant to 28 U.S.C. section 2255(b).

Respondent argues that the Petition should be denied because it is procedurally barred and because, notwithstanding the Supreme Court's 2010 and 2015 Johnson decisions, Petitioner's three New York State robbery convictions qualify as violent felony convictions under the ACCA.

The Petitioner Has Satisfied the Requirements for a Second or Successive
Section 2255 Motion and the Petition Is Properly Before the Court

Following the 2015 Johnson decision, the operative provisions of the ACCA's definition of "violent felony" encompass:

> . . . any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>     (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>     (ii)  is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . .

18 U.S.C.S. § 924(e)(2)(B) (LexisNexis 2011).

Petitioner's principal claim for relief is that, after 2015 Johnson invalidated the "residual clause" as unconstitutionally vague, none of his three prior convictions for robbery in the first degree, which were the predicates for the application of the ACCA at his sentencing in October 2002, qualifies as a "violent felony" because they do not meet the requisites of the ACCA's Force Clause as that clause was construed in 2010 Johnson. In opposition to the Petition, the Government asserts that Petitioner has failed to satisfy the requirements for a second or successive Section 2255 motion because Petitioner cannot demonstrate that his instant claim

relies on a "a new rule of constitutional law," as he relies on 2010 Johnson's clarification of the definition of "violent felony," and 2010 Johnson was neither a constitutional decision nor a "new" decision at the time the Petition was filed. The Government further asserts that any claim based on 2010 Johnson is time-barred.[2] The Government also appears to argue that the Second Circuit improperly granted Belk's request to file a second or successive Section 2255 motion and thus this motion is not properly before the Court.[3]

Petitioner relies on a recent Fourth Circuit decision as support for his argument that his Petition is not procedurally barred. In United States v. Winston, 850 F.3d 677 (4th Cir. 2017), the petitioner had been convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and the sentencing court had determined he qualified as an armed career criminal under an unspecified clause of the "violent felony" provision of the ACCA due to prior convictions that included robbery in violation of Virginia criminal law. The Government later contended that Section 2255 relief was "unavailable to Winston because he [did] not rely on a new rule of constitutional law, as required by 28 U.S.C. §§ 2244(b)(4) and 2244(b)(2)(A)," because the record did not establish that the sentencing court had relied on the residual clause to

---

[2] Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[a] second or successive motion" pursuant to Section 2255 cannot be prosecuted unless it has been "certified as provided in [28 U.S.C. § 2244] by a panel of the appropriate court of appeals to contain . . . newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C.S. § 2255(h) (LexisNexis 2013).

[3] The Government appears to argue that the Second Circuit improperly granted Belk's second request to file a successive § 2255 motion after first denying a request months earlier and that Belk's "renewed request for authorization to file a second or successive habeas motion should have been denied." (Gov't Opp. Br. at 18.) The Court declines the Government's invitation to review the Second Circuit's decision in Belk's favor.

conclude that Winston qualified as an armed career criminal.  Id. at 681-82.  The Fourth Circuit rejected that argument, and held "that when an inmate's sentence may have been predicated on application of the now-void residual clause and, therefore, may be an unlawful sentence under the holding in [2015 Johnson], the inmate has shown that he 'relies on' a new rule of constitutional law within the meaning of 28 U.S.C. § 2244(b)(2)(A)."  Id. at 682.

A judge of this District recently applied similar reasoning to hold a petition timely.  In Massey v. United States, Nos. 17-cv-1455 / 03-cr-938, 2017 WL 2242971, at *3 (S.D.N.Y. May 22, 2017) (Pauley, J.), the Court found that a Section 2255 challenge was filed timely after 2015 Johnson, even though the petitioner's arguments focused on whether a New York third-degree robbery conviction is categorically a "crime of violence" after 2010 Johnson.  Despite the sentencing court's express reliance on the Force Clause in determining the petitioner's ACCA's qualification, the Court found that the sentencing court had "relie[d] on" 2015 Johnson, "at least in part, because [2015 Johnson] precludes any argument that Massey's sentence was proper under the ACCA's residual clause."  Id.

The Court finds that Belk is not procedurally barred from proceeding with the instant successive Section 2255 motion, despite his reliance on 2010 Johnson in support of his assertion that his three predicate convictions do not qualify as "violent felonies."  A petition in the immediate wake of 2010 Johnson would not have brought relief for Belk; the specific statutory basis for the application of the ACCA had not been identified at his sentencing and validity of the ACCA's residual clause was not in question so that, even if Belk had succeeded in establishing that first-degree robbery under New York did not meet the requisites of the Force Clause, the residual clause would still have provided a viable foundation for his treatment as an armed career criminal.  It took 2015 Johnson's vitiation of the residual clause as

unconstitutionally vague to provide the necessary grounds for this Petition, and the constitutional determination in 2015 Johnson is a linchpin of his merits argument.  The Court concurs with the determination in Massey that it should "avoid an interpretation of § 2255 that would entirely forestall examination of [Belk's] petition on the merits," and thus "concludes that his petition 'relies on' [2015 Johnson]," which was "a new rule of constitutional law," "at least in part, because [2015 Johnson] precludes any argument that [Belk's] sentence was proper under the ACCA's residual clause."  2017 WL 2242971, at *3.

The Petition thus is not procedurally barred, it was timely filed, and Petitioner has satisfied the requirements for a second or successive Section 2255 motion.   The Petition is properly before the Court.

The Petitioner's Three Prior Convictions for
First-Degree Robbery Qualify as Violent Felonies under the ACCA

Turning to the merits of the Petition, Petitioner asserts that his three earlier convictions for first-degree robbery, under unspecified subsections of N.Y. Penal Law § 160.15, do not qualify as "violent felonies" under the Force Clause in light of 2010 Johnson.  To determine whether a particular offense qualifies as a "violent felony" under the ACCA, courts apply a "categorical approach," in which "a court assesses whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'"  2015 Johnson, 135 S. Ct. at 2557 (quoting Begay v. United States, 553 U.S. 137, 141 (2008)).  Under the categorical approach, this Court must examine the relevant New York statute, which defines first-degree robbery as follows:

> A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:
>
> 1. Causes serious physical injury to any person who is not a participant in the crime; or
> 2. Is armed with a deadly weapon; or
> 3. Uses or threatens the immediate use of a dangerous instrument; or
> 4. Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm; except that in any prosecution under this subdivision, it is an affirmative defense that such pistol, revolver, rifle, shotgun, machine gun or other firearm was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged. Nothing contained in this subdivision shall constitute a defense to a prosecution for, or preclude a conviction of, robbery in the second degree, robbery in the third degree or any other crime.

N.Y. Penal Law § 160.15 (McKinney 2010).

The ACCA's Force Clause defines a violent felony as one that "has as an element the use, attempted use, or <u>threatened</u> use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i) (emphasis added).

Following <u>2010 Johnson</u>, the Second Circuit held that New York third-degree robbery "'has as an element the use, attempted use, or threatened use of physical force,'" and thus qualifies as a violent felony for ACCA purposes. <u>United States v. Miles</u>, 748 F.3d 485, 490 (2d Cir. 2014) (citing <u>United States v. Brown</u>, 52 F.3d 415, 425–26 (2d Cir. 1995)). Thereafter, in <u>United States v. Jones</u>, No. 15-1518 (2d Cir. July 21, 2016), a panel of the Second Circuit examined whether a prior conviction under N.Y. Penal Law § 160.15 qualifies as a violent felony under the force clause of the Career Offender Guidelines (which is identical to the ACCA's Force Clause) when the relevant subsection of the statute was not specified in the conviction record before the Court. The <u>Jones</u> Court determined that "the least of the acts" described in the first-degree robbery statute cannot serve as a predicate offense for the career offender enhancement. <u>Id.</u> at *13, *19. The Second Circuit's decision in <u>Jones</u> has, however, been

vacated and thus has no precedential effect.  See United States v. Jones, 838 F.3d 296 (2d Cir. 2016).  The Second Circuit has not yet spoken again on the issue.

Since the vacatur of Jones, lower courts in the Circuit have divided as to whether a New York first-degree robbery conviction that does not specify a subsection of the New York statute qualifies as a violent felony conviction for purposes of the ACCA.  One court in this district has observed that "[t]he pre-Jones precedent, now controlling once again, consistently holds that the various degrees of New York robbery are predicate felonies under the ACCA," Massey, 2017 WL 2242971, at *3, while another court in this Circuit has recently ruled that New York third-degree robbery is not a violent felony for purposes of the Sentencing Guidelines' identical force clause, United States v. Johnson, 220 F. Supp. 3d 264, 272 (E.D.N.Y. 2016) ("E.D.N.Y. Johnson").  A recent non-precedential Second Circuit order and a district court decision construing the relevant Sentencing Guidelines provision have relied on the "forcibly steal[ing]" clause of New York's robbery statutes in determining that the crime qualifies as a "crime of violence" under the force clause of the Sentencing Guidelines' identical force clause. See United States v. Kornegay, 641 Fed. App'x 79, 85 (2d Cir. 2016) (summary order); Mitchell v. United States, No. 15-cv-6379, 2016 WL 1383511, at *3 (S.D.N.Y. Apr. 6, 2016) (Schofield, J.).

Having considered carefully the relevant precedents, the Court concludes that, because a first-degree robbery cannot be committed in New York without "forcibly steal[ing]" property from another, any first-degree robbery conviction constitutes a "violent felony" conviction within the meaning of the ACCA and 2010 Johnson.  The plain language of the statute "has as an element the use . . . or threatened use of physical force against the person of

another." By criminalizing "forcibly" stealing property, the plain language of the statute expressly contemplates the use of violent force.

The vacated Second Circuit decision in Jones and E.D.N.Y. Johnson point to New York decisions upholding robbery convictions that involved forcibly blocking pursuit, or tugging that resulted in the loss of a grip on property, as indicative of the lack of the element of "actual or threatened use of violent physical force" that is required to qualify as an armed career criminal under 2010 Johnson. Those decisions are unpersuasive, in that they ignore the implicit *threat* of physical harm that is inherent in blocking a robbery victim with a human wall. See People v. Bennett, 219 A.D.2d 570 (1st Dep't 1995). Indeed, as the Appellate Division held in Bennett, "[t]he requirement that a robbery involve the use, or the threat of immediate use, of physical force does not mean that a weapon must be used or displayed or that the victim must be physically injured or touched." Id. Pulling at an object in a gloved hand in a manner hard enough to dislodge the glove is also an implicit threat of use of whatever physical force would be necessary to obtain the object. Cf. People v. Safon, 166 A.D.2d 892, 893 (4th Dep't 1990). The ACCA's Force Clause likewise contemplates that a crime qualifies as a "violent felony" even if it entails only the *threatened* use of physical force. First-degree robbery in New York, which criminalizes "forcible stealing," thus qualifies as a "violent felony" for purposes of the ACCA.

For these reasons, Belk's three prior convictions on June 10, 1981, for first-degree robbery in violation of N.Y. Penal Law Section 160.15 qualify as violent felonies as set forth in the ACCA, even after 2010 Johnson, and his 235-month sentence thus was not "imposed in violation of the Constitution."

CONCLUSION

Petitioner's motion pursuant to 28 U.S.C. § 2255 is denied, as his 235-month ACCA sentence was not "imposed in violation of the Constitution" and is not "in excess of the maximum authorized by law."

Petitioner may not appeal this order unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C.S. § 2253(c)(1) (Lexis 2008). A certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.S. § 2253(c)(2) (Lexis 2008); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealabilty). In light of Jones, its subsequent vacatur, and the various conflicting decisions reached by district courts in this Circuit, the Court grants a certificate of appealability on the specific issue of whether New York first-degree robbery is a crime of violence under the ACCA after 2010 Johnson.

SO ORDERED.

Dated: New York, New York
August 22, 2017

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge